IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BUGGZ IRONMAN-WHITECOW aka KIM A. NORQUAY, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>WARDEN LEROY KIRKEGARD; MONTANA TWELFTH JUDICIAL DISTRICT COURT, HILL COUNTY, and the STATE OF MONTANA,<br><br>Defendants. | CV 14-00037-H-DLC-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

**SYNOPSIS**

Mr. Ironman-Whitecow alleges Defendants violated his constitutional rights when they refused to recognize his new legal name. Mr. Ironman-Whitecow's claims will be served upon Warden Kirkegard. His claims against the State of Montana are barred by the Eleventh Amendment. His claims against the Montana Twelfth Judicial District Court, Hill County, are barred by the *Rooker-Feldman* doctrine. These claims should be dismissed.

**JURISDICTION**

Mr. Ironman-Whitecow filed this action in federal court, in the Helena Division of the District of Montana. (Complaint, Doc. 2.) The Court has personal

1

jurisdiction over the parties, all of whom are found in Montana. Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b). Read liberally, the Complaint alleges a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction. 28 U.S.C. § 1331, 28 U.S.C. § 1343(a). The case was assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned. Local Rule 72.2(a)(1).

## STATUS

Mr. Ironman-Whitecow is a prisoner in the custody of the State of Montana. His Complaint must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the case must be dismissed. 28 U.S.C. §§ 1915(e)(2), 1915A(b). This is the review.

## STANDARDS

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

The Court liberally construes pro se pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. A district court, however, should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Eleventh Amendment**

The Eleventh Amendment bars suit in federal court against a state absent a valid abrogation of immunity by Congress or an express waiver of immunity by

the State. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–268 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. § 2-9-101 et seq.

The Eleventh Amendment does not bar suits for prospective declaratory or injunctive relief against state officials in their official capacity. *See Idaho v. Couer d'Alene Tribe*, 521 U.S. 261; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-106 (1984); *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

States, state agencies, and state officials sued officially are not "persons" subject to suit for money damages under section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65, 71 (1989).

### *Rooker-Feldman* Doctrine

Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker–Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that

4

judgment. *Skinner v. Switzer*, ___ U.S. ___, 131 S.Ct. 1289, 1297 (2011).[1] This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). "Rooker–Feldman thus applies only when the federal plaintiff both asserts as [his] injury legal error or errors by the state court and seeks as [his] remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004).

**Religious Land Use and Institutionalized Persons Act of 2000**

The Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") provides:

> [n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability," unless the government demonstrates that the burden is "in furtherance of a compelling governmental interest" and is "the least restrictive means of furthering that compelling governmental interest.

---

[1] The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: (1) *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

RLUIPA, § 3(a), 42 U.S.C. § 2000cc–1(a). Religious exercise under RLUIPA "includes any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A).

A substantial burden on religious exercise exists if the state imposes a significantly great restriction or onus upon such exercise, or denies a benefit because of conduct mandated by the religious belief, and thereby puts substantial pressure on the adherent to modify his behavior and violate his beliefs. *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005).

**First Amendment**

To state a First Amendment, free-exercise-of-religion claim, a plaintiff must allege a defendant burdened the practice of plaintiff's religion by preventing him from engaging in a sincerely held religious belief and the defendant did so without any justification reasonably related to legitimate penological interests. *Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008). Under the First Amendment, "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests." *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Inmates have a First Amendment interest in using their religious names. *Malik v. Brown*, 16 F.3d 330 (9th Cir. 1994); *Malik v. Brown*, 71 F.3d 724 (9th

Cir. 1995).

**Equal Protection**

To state an equal protection claim, a plaintiff must allege facts sufficient to establish that prison officials intentionally discriminated against him on the basis of his religion by failing to provide him a reasonable opportunity to pursue his faith compared to other similarly situated religious groups. *Cruz*, 405 U.S. at 321–22; *Shakur*, 514 F.3d at 891; *Freeman v. Arpaio*, 125 F.3d 732, 737 (9th Cir.1997), overruled in part on other grounds, *Shakur*, 514 F.3d at 884–85.

## FACTUAL ALLEGATIONS

For purposes of this review, the allegations in the Complaint are presumed to be true so long as they have some factual support. Unsupported legal conclusions are disregarded.

On April 27, 2011, the Tribal Court of the Fort Belknap Indian Community of the Fort Belknap Indian Reservation granted Kim A. Norquay, Jr.'s petition to change his name to Buggs Ironman-Whitecow. On April 26, 2012, the same Court issued an order changing the spelling of the first name to Buggz.

In early 2013, Mr. Ironman-Whitecow requested that Montana State Prison start using his Native American name. He received a response on March 7, 2013, indicating:

> You were sentenced under the name Kim A. Norquay, Jr. which is your committed name. If you would like to have this changed, you will need to contact Hill Co. and have them do an order directing us to correct the name on Hill Co. Judgments DC-07-079 and DC-09-003 from what it currently is, to what name you want it to be, your legal name. Once we receive the certified order directly from the Clerk of Court, we can change your committed name. Until then it will remain what it currently is. If you cannot communicate to Hill Co. what you need, maybe contact your attorney to assist you.

(March 7, 2013 Staff Response to Inmate Request, Doc. 3-1 at 4.)

Mr. Ironman-Whitecow subsequently filed a civil action in the Montana Twelfth Judicial District Court, Hill County, requesting his name be changed on his May 15, 2009 criminal judgment. On December 27, 2013, the state district court issued an order denying the request. The court found that although Mr. Ironman-Whitecow had demonstrated that his name had been changed, "with regard to any documents in actions initiated prior to the April 26, 2012 date, the use of the name Kim A. Norquay, Jr. was and remains accurate." (December 27, 2013 Order, attached to brief in support of Complaint, Doc. 3-1 at 13.)

## ANALYSIS

**State of Montana--Eleventh Amendment Immunity**

The State of Montana has Eleventh Amendment immunity from suit in federal court, and it is not a "person" for purposes of 42 U.S.C. § 1983. The Section 1983 claims against the State should be dismissed.

8

**District Court--*Rooker-Feldman* Doctrine**

To the extent Mr. Ironman-Whitecow is seeking an order from this Court requiring the state district crourt to change his name on his prior criminal court documents, the request should be denied. In effect, Mr. Ironman-Whitecow is seeking to appeal the state court's judgment denying his request to change his name in his criminal proceeding.

The *Rooker–Feldman* doctrine precludes federal subject-matter jurisdiction over claims appealing state court judgments when four factors are met. First, the plaintiff must have lost in the state court. Second, the state court judgment must have been rendered before the filing of the federal claim. Third, the plaintiff must complain of injuries caused by the state court judgment. Finally, the plaintiff's complaint must invite the district court to review and reject the judgment of the state court. *Exxon Mobil Corp.*, 544 U.S. at 284.

Here all factors are met. Mr. Ironman-Whitecow lost in state court prior to the filing of this case. On December 27, 2013, prior to the filing of this case, the Hill County District Court denied Mr. Ironman-Whitecow's request to change his name on his prior criminal judgment. (December 27, 2013 Order, Doc. 3-1 at 12.) There is no indication that Mr. Ironman-Whitecow appealed this decision. Accordingly, the first two factors have been met.

The third and fourth factors are also met to the extent Mr. Ironman-Whitecow claims he has been injured by the state district court refusing to change his name on his old criminal judgment. He is asking this Court to review and reject the judgment of the state court, something this Court does not have jurisdiction to do.

Mr. Ironman-Whitecow's claims against the state district court are barred therefore barred by the *Rooker-Feldman* doctrine. This Court does not have jurisdiction over these claims.

**Warden Kirkegard**

Mr. Ironman-Whitecow's allegations are sufficient to require a response from Defendant Kirkegard. An inmate is entitled to use both his religious and his committed names on correspondence and other documents. *Malik*, 16 F.3d at 334. Defendant Kirkegard must respond to the Complaint.

## CONCLUSION

Mr. Ironman-Whitecow's claims against the State of Montana are barred by the Eleventh Amendment. His claims against the Hill County District Court are barred by the *Rooker-Feldman* doctrine. These are not defects which could be cured by the allegation of additional facts. The State and Hill County District Court should be dismissed. Warden Kirkegard must respond to the Complaint.

It is **ORDERED**:

1. Pursuant to Fed.R.Civ.P. 4(d), Defendant Kirkegard is asked to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within thirty (30) days of the entry date reflected on the Notice of Electronic Filing. If Defendant chooses to return the Waiver of Service of Summons, the answer or appropriate motion will be due within sixty (60) days after the entry date of this Order as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

- \*     Complaint and supporting brief (Docs. 2, 3);
- \*     this Order;
- \*     a Notice of Lawsuit & Request to Waive Service of Summons; and
- \*     a Waiver of Service of Summons.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, and served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the

form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mr. Ironman-Whitecow <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Mr. Ironman-Whitecow must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

Mr. Ironman-Whitecow's claims against the Montana Twelfth Judicial District Court, Hill County, and the State of Montana should be DISMISSED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS &**

**RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Ironman-Whitecow may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of December, 2014.

      /s/ Keith Strong
      Keith Strong
      United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

# NOTICE OF LAWSUIT AND REQUEST FOR
# WAIVER OF SERVICE OF SUMMONS

TO: Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Warden Leroy Kirkegard. A copy the Complaint is attached to this notice. It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-37-H-DLC-RKS. The Court has completed its pre-screening and concludes this Defendant must file a responsive pleading. *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service. The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served. The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form. The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.

                                                      Keith Strong
                                                      United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:   The U.S. District Court for the District of Montana

      The following Defendant acknowledges receipt of your request to waive service of summons in the following action: *Ironman-Whitecow v. Kirkegard, et al.*, Civil Action No. CV-14-37-H-DLC-RKS, filed in the United States District Court for the District of Montana. Defendant also received a copy of the Complaint. I am authorized by the following Defendant to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individual be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____;  _____;

_____;  _____;

_____;  _____;

      The above-named Defendant retains all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons. I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

_____      _____
DATE                                         SIGNATURE

                                                     _____
                                                     PRINTED/TYPED NAME

                                                     _____

                                                     _____
                                                     ADDRESS